IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELVIN SALGADO,

        Petitioner,

v.                                    Civil Action No. 3:05CV64
                                    Criminal Action No. 3:03CR37-01

UNITED STATES OF AMERICA,      (JUDGE BAILEY)

        Respondent.

## REPORT AND RECOMMENDATION THAT MOTION UNDER 28 U.S.C. § 2255 BE DENIED

### I. Introduction

On July 18, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The government filed its response November 2, 2005. The undersigned entered a Report and Recommendation September 10, 2007 that the petition be denied because Defendant waived his right to collateral attack. The undersigned vacated that Report and Recommendation September 21, 2007 because on September 13, 2007, the Fourth Circuit Court of Appeals decided United States v. Morris, No. 07-4223, slip op. (4th Cir. 2007), holding the Court must expressly inquire at the Rule 11 colloquy about the waiver of appellate rights. At the Rule 11 colloquy in this case the Court did not expressly inquire about the waiver of collateral attack rights under § 2255.

### II. Facts

A.      **Conviction and Sentence**

On August 23, 2003, petitioner signed a plea agreement by which he agreed to plead guilty to Count 28 distribution of cocaine base, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(c) and Count 3 aiding and abetting the making of a false statement in connection with his acquisition of a firearm in violation of Title 18, United States

Code, Sections 922(a)(6) and 924(a)(2). In the plea agreement, the parties stipulated to total drug relevant conduct of 887.88 grams of cocaine base and 750 grams of hydrochloride, (for a total marijuana equivalency of 17907.6 kilograms of marijuana) and the offense involves thirteen (13) firearms. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 11. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). In exchange for defendant's waiver, the United States waives its right to appeal the sentence. In the event that there would be an appeal however, each party reserves the right to argue in support of the sentence.

On September 12, 2003, the petitioner entered his plea in open court. Petitioner was 25 years old and completed 11th grade. (Plea transcript p. 10) The Assistant United States Attorney specifically stated that Paragraph 11 waived appellate and collateral attack rights (Id. at 7) The Court advised Petitioner he was waiving his rights to appeal. (Id. at 18) Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id, at 14) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 18 - 20) During the plea hearing, the Government presented the testimony of Bernard Teyssier, of the Bureau of Alcohol, Tobacco and Firearms to establish a factual basis for the plea. (Id. at 21-25) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Counts 3 and 28 of the indictment. (<u>Id</u>. at 25)  The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (<u>Id</u>. at 16)  In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (<u>Id</u>. at 15) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (<u>Id</u>. at 12) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty.  (<u>Id</u>. at 16)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily; that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (<u>Id</u>. at 26) The petitioner did not object to the Court's finding.

On January 4, 2005, the petitioner appeared before the Court for sentencing.  After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to terms of 120 months imprisonment and 168 months imprisonment to run concurrently.

**B.**	**Appeal**

Petitioner did not pursue  a direct appeal.

**C.**	**Federal Habeas Corpus**

Petitioner contends:

•	his guilty plea was involuntary;

•	the Government failed to disclose and counsel failed to obtain exculpatory evidence;

•	his confession was coerced;

•	he was denied effective assistance of counsel.

- his sentence violated <u>Apprendi</u> and <u>Blakely</u>.

- his Fifth Amendment rights were violated.

    The Government contends:

- Petitioner waived his appellate and habeas rights;

- Petitioner's sentence was proper;

- Petitioner's counsel was not ineffective;

- If Petitioner's counsel made errors, petitioner was not prejudiced by the errors because the result would not have been different absent counsel's errors.

**D.     <u>Recommendation</u>**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because although the Court did not expressly ask at the Rule 11 colloquy if petitioner waived his right to file a § 2255 collateral attack, petitioner has failed to raise any claims that merit relief.

## III.     <u>Analysis</u>

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack."   28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." <u>Sutton v. United States of America</u>, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

**A.     <u>Waiver of Right to File § 2255 Collateral Attack</u>**

Petitioner's written plea agreement expressly provided he waived the right to file a § 2255 collateral attack.    However, in the Rule 11 colloquy, the Court did not expressly ask

petitioner if petitioner understood petitioner was giving up the right to file a § 2255 collateral attack.  Therefore, following the reasoning in <u>Morris</u>,  No. 07-4223, slip op., petitioner did not waive his right to file a § 2255 collateral attack.

B.    **Motion Ground One: Whether Petitioner's Guilty Plea Was Voluntary**.

Petitioner claims his counsel forced him to sign the plea agreement.  In support of his claim, Petitioner alleges his counsel told him he had no chance "'due' the sufficient funds to provide for trial" and that petitioner would be sentenced to twenty years if petitioner did not sign the plea agreement.  The Government contends petitioner's counsel accurately informed him of the risk of going to trial and that petitioner voluntarily entered into the plea agreement.

The Court finds petitioner voluntarily entered into the plea agreement because petitioner was made fully aware of the consequences of his plea - including maximum terms of imprisonment - and there is no evidence his plea was induced by threats or misrepresentation.  <u>See</u> <u>Brady v. United States</u>, 397 U.S. 742, 755 (1970) [holding a plea of guilty entered by one fully aware of the direct consequences must stand unless induced by threats or misrepresentation].  At the hearing, Magistrate Judge Joel informed petitioner of the maximum terms of imprisonment for Count 28 ("up to 20 years") and Count 3 ("up to 10 years") and asked petitioner if petitioner had read and understood the agreement.  (Plea transcript, pp. 4, 11-17).  Petitioner responded "yes."  (<u>Id.</u>)  The Judge also informed petitioner that the Article III Judge could reject the Magistrate Judge's recommendation and impose a more severe sentence.  (<u>Id.</u> at p. 15).  Finally, Magistrate Judge Joel asked petitioner whether anyone forced him to sign the agreement or made any promises or assurances other than those contained in the plea agreement in order to get him to sign the agreement.  (<u>Id.</u> at p. 12, 14).  Petitioner responded "no."  (<u>Id.</u>).

The Court's finding petitioner's plea was voluntary is not disturbed by the fact petitioner's counsel may have informed petitioner he would be sentenced to twenty years in

prison if he did not sign the plea agreement. Twenty years accurately reflects the statutory maximum for Count 28 as well as petitioner's risk of going to trial given his offense level (38) and criminal history category (3). For the above reasons, petitioner's claim fails.

C.     **Motion Ground Two: Whether Petitioner's Conviction Was Obtained By the Unconstitutional Failure of the Prosecution to Disclose Evidence Favorable to Petitioner**.

Petitioner argues his conviction is unconstitutional because the prosecution did not disclose evidence favorable to petitioner. In support of his argument, petitioner alleges he asked his counsel "to argue the weight of 887 grams of crack 750 grams of cocaine," and that his counsel failed to do so "by not discussing with the prosecutor to get the evidence to support the police report, which it is a difference between the weights and the drug form."

To the extent petitioner alleges ineffective assistance of counsel for failure to acquire exculpatory evidence, the Court cannot address the merits of the claim because petitioner has failed to identify what evidence the prosecution failed to disclose. To the extent petitioner alleges ineffective assistance of counsel for failure to argue against the weight of the relevant conduct attributed to petitioner, the Court finds petitioner's argument is without merit. The standard for evaluating claims of ineffective assistance of counsel is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Pursuant to <u>Strickland</u>, petitioner must first demonstrate his counsel's conduct fell below an objective standard of reasonableness. <u>Id.</u> at 687-91. Petitioner must next show "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." <u>Id.</u> at 694. A defendant who alleges ineffective assistance of counsel following a guilty plea must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Petitioner has failed to meet his burden under <u>Strickland</u> because he has failed to show a reasonable attorney would

have objected to the weight of the relevant conduct.  Specifically, petitioner has failed to show there did not exist a reasonable factual basis for the relevant conduct such that his counsel had a duty to object.  See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993);  18 U.S.S.G. § 6B1.4(a).  Accordingly, petitioner's claim fails.

D.    **Motion Ground Three: Whether Petitioner's Conviction Was Obtained by Use of a Coerced Confession**.

Petitioner claims his conviction was obtained by the use of a coerced confession. Petitioner also alleges his counsel stated, "it don't make no difference if the defendant plea to the weight as marijuana."  Petitioner further alleges that when he told his counsel he did not want to sign the plea agreement, his counsel responded petitioner "had no other alternative but to" sign the agreement.  Finally, Petitioner alleges he told his counsel he wanted to see the evidence.

The Court cannot address petitioner's allegation concerning a coerced confession because petitioner has failed to specify what confession was coerced or why it was coerced.  Regarding petitioner's challenge to his counsel's statement about the weight of marijuana, the Court finds petitioner has failed to state a cognizable claim relating to counsel's statement.  Nevertheless, the Court finds the inclusion of the marijuana equivalency weight in the plea agreement is reasonable.  The plea agreement states the total relevant conduct of 887.88 grams of cocaine base and 750 grams of "coke" had a "total marijuana equivalency of 17,907.6 kilograms of marijuana."  (Plea agreement, pp. 3-4).  The inclusion of the marijuana equivalency reflects compliance with section 2D1.1 of the United States Sentencing Guidelines that require calculation of an equivalent weight in marijuana when the charges involve more than one type of controlled substance.  18 U.S.S.G. § 2D1.1.  Accordingly, the reference to the marijuana weight was reasonable.

Regarding petitions's third issue, that he was coerced into signing the plea agreement because his counsel told him he had "no alternative" but to sign the plea agreement, the Court finds, as it did in Section C, above, petitioner's guilty plea was voluntary.

Finally, regarding petitioner's final statement that he told his counsel he wanted to see the evidence, the Court cannot address this issue because petitioner fails to identify the particular evidence at issue and fails to raise a cognizable § 2255 claim.

For these reasons, relief is denied.

E.    **Motion Ground Four: Whether Petitioner Was Denied Effective Assistance of Counsel Due to Counsel's Faulty Advice on Petitioner's Sentence**.

Petitioner alleges he was denied effective assistance of counsel because his counsel told him he would receive no more than eight years in prison if he signed the plea agreement and petitioner was thereafter sentenced to fourteen years in prison.  The government argues petitioner's counsel accurately informed petitioner of the risk of going to trial and that any inaccurate prediction as to petitioner's sentence was corrected by the Rule 11 colloquy.

The Court finds petitioner's allegation is without merit because he has failed to show he was prejudiced by any error on his counsel's part.  <u>See</u> <u>Strickland</u>, 466 U.S. at 687.  As the Fourth Circuit has explained, where the court, in the Rule 11 colloquy, informs the defendant of the potential sentence he faces and the defendant states he understands that fact, any misinformation provided to defendant by his counsel is deemed "corrected" such that it no longer prejudices petitioner's decision to plead guilty.  <u>United States v. Foster</u>, 68 F.3d 86, 87-88 (4th Cir. 1995).  At the plea hearing, the Judge informed petitioner the maximum term of imprisonment for a plea of guilty to Count 28 was 20 years incarceration, and Count 3 was 10 years incarceration.  (Plea transcript, p. 16).  Petitioner told the Judge he understood that fact. (<u>Id.</u>)  The Court also asked petitioner whether "anyone made any other different promises or

assurances of any kind that aren't contained in the plea agreement in order to get [] you to plead guilty or to sign the agreement?" (Id. at p. 14). Petitioner responded "no." Based on this exchange, the Court finds any misinformation given to petitioner by his counsel was corrected by the Rule 11 colloquy such that it did not prejudice petitioner's decision to plea. Accordingly, relief is denied.

F.    **Memorandum Issue (2): Whether Petitioner's Sentence was "Erroneous."**

Petitioner alleges there was an "error" in his sentence because petitioner's counsel told him he would receive "eight years nor more than ten years" and petitioner was thereafter sentenced to fourteen years. The government argues petitioner's counsel accurately informed petitioner of the risk of going to trial and that any inaccurate prediction as to petitioner's sentence in the event of a plea was corrected by the Rule 11 colloquy.

The Court reiterates its finding in Section F that petitioner's plea was voluntary. See Foster, 68 F.3d at 88. Accordingly, relief is denied.

G.    **Memorandum Issue (3): Whether Petitioner's Plea Agreement Was Involuntary.**

Petitioner claims his counsel forced him to sign the plea agreement and that his plea was therefore involuntary. The Government argues petitioner voluntarily entered into the plea agreement.

The Court reiterates its finding in Section C that petitioner voluntarily entered into the plea agreement. The Rule 11 colloquy guaranteed petitioner was fully aware of the consequences of his plea, including maximum terms of imprisonment, and there is no evidence his plea was induced by threats or misrepresentation. See Brady v. United States, 397 U.S. 742, 755 (1970) [holding a plea a guilty entered by one fully aware of the direct consequences must stand unless induced by threats or misrepresentation].

H.    **Memorandum Issue (4): Whether Petitioner's Counsel was Ineffective in Failing to Get the "Evidence" From the Prosecutor.**

Petitioner alleges his counsel was ineffective for failing to comply with petitioner's request to "get the evidence from the prosecutor."  Petitioner claims that in response to his request, his counsel responded petitioner had no chance "but to" sign the plea agreement "because the government wouldn't let the defendant see the evidence."

As explained in Section D, the Court cannot address the merits of petitioner's claim because petitioner has failed to identify what evidence underlays his argument.  Accordingly, relief is denied.

I.    **Memorandum Issue (5): Whether Petitioner's Counsel was Ineffective for Failing to Object to the Indictment, Relevant Conduct, and Allegation of Transporting Firearms**.

Petitioner alleges his counsel was ineffective for failing to object to the indictment, the weights of the drugs attributed to petitioner, and the allegation petitioner transported firearms. The Government does not directly address the issue of ineffective assistance of counsel as it relates to these issues, but asserts the quantity of drugs attributed to petitioner was reasonable; there existed evidence petitioner violated 18 U.S.C. § 922(a)(6); and petitioner failed to show he was prejudiced by any of counsel's conduct.

The Court finds none of petitioner's claim warrant relief.  Regarding petitioner's allegation his counsel was ineffective for not objecting to the indictment, the Court cannot evaluate the merits of this claim because petitioner fails to articulate on what basis his counsel should have objected.  Regarding petitioner's allegation his counsel was ineffective for failing to object to the weights of drugs attributed to petitioner, the Court reiterates its finding in Section D that Petitioner has failed to show there did not exist a reasonable factual basis for the relevant conduct such that his counsel had a duty to object.  See Gilliam, 987 F.2d at 1013.  Finally,

regarding petitioner's allegation his counsel was ineffective for failing to object to the allegation petitioner transported firearms, the Court finds it difficult to assess the merits of petitioner's claim because petitioner does not specify what particular allegation of transporting firearms he believes his counsel should have objected to. Nevertheless, the Court notes that petitioner was alleged, as part of Count 3, to have transported firearms across state lines. The Government represents there existed documentary and testimonial evidence to support Count 3. Petitioner has failed to show why, in light of such evidence, counsel had a duty to object to the allegation. See Strickland, 466 U.S. at 687. For these reasons, petitioner's claim fails.

J.      **Memorandum Issue (6): Whether Petitioner's Counsel Was Ineffective for Failing to Object to the Weight of Marijuana.**

Petitioner alleges his counsel was ineffective for failing to object to the weight of marijuana attributed to him in the plea agreement. Petitioner takes particular issue with his counsel's statement, "it don't make no difference if [petitioner] plea[s] to the weight of marijuana." The Government alleges the weight of marijuana attributed to petitioner was reasonable and accurate in light of 18 U.S.S.G. § 2D1.1.

The Court reiterates its finding in Section D that petitioner's counsel was not ineffective for failing to object to the equivalent weight of marijuana attributed to petitioner in the plea agreement because the plea agreement reflects compliance with section 2D1.1 of the United States Sentencing Guidelines. For this reason, petitioner's claim fails.

K.      **Memorandum Issue (7): Whether Petitioner's Counsel was Ineffective For Failing to Obtain Evidence from the Prosecution.**

Petitioner alleges his counsel was ineffective for failing to get "the evidence" from the prosecution, despite petitioner's request he do so. The Government alleges petitioner saw all the evidence petitioner was permitted to see.

The Court cannot address petitioner's allegation because petitioner has failed to articulate with sufficient specificity what evidence he believes his counsel should have obtained. Accordingly, relief is denied.

L.    **Memorandum Issue (8): Whether Petitioner's Counsel was Ineffective for Failing to Challenge the Sufficiency of Evidence in Support of Count 28 and 3.**

Although petitioner's present claim is difficult to understand, the Court reads it to allege petitioner's counsel was ineffective for failing to demand to see and challenge the sufficiency of the evidence in support of Count 28 and 3. The Government contends petitioner saw all the evidence fit for petitioner's viewing. As the Government explains, the cocaine base purchased during the controlled buys is not suitable for petitioner's viewing, and the evidence forming the basis for petitioner's relevant conduct was in the form of testimony from petitioner's alleged customers.

The Court cannot assess the merits of petitioner's claim his counsel was ineffective for failing to demand to see the evidence, because petitioner does not articulate what evidence he believes his counsel should have obtained. The Court also finds petitioner's claim his counsel was ineffective for failing to challenge the sufficiency of the evidence lacks merit. As the Government explains, defense counsel was provided with audiotape recordings of the controlled buy alleged in Count 28, statements from witnesses, and documentary and testimonial evidence of petitioner's involvement in the straw purchase of firearms alleged in Count 3. The Court finds petitioner has failed to demonstrate how this evidence was insufficient such that his counsel was unreasonable for failing to object to its sufficiency. See Strickland, 466 U.S. at 687. Accordingly, relief is denied.

M.     **Memorandum Issue (9): Whether Petitioner's Plea was Involuntary Because Petitioner Relied on the Erroneous Advice of Counsel.**

Petitioner alleges his plea was involuntary because "he entered his plea upon the advice of counsel." Petitioner does not provide any greater detail into what particular advice of counsel he relied on, but merely cites to cases that, for example, apply <u>Strickland</u> to the context of a guilty plea, (<u>Hill v. Lockhart</u>, 474 U.S. 52 (1985)), or assess the implication of a defendant's ignorance of the full range of a possible sentence resulting from a guilty plea, (<u>Hicks v. United States</u>, 362 A.2d 111 (D.C. Cir. 1976).

Without more detail from petitioner, the Court presumes petitioner is referring to his counsel's advice that petitioner would receive eight to ten years if he pled guilty, as opposed to the fourteen years petitioner actually received. In light of such a presumption, the Court reiterates its finding from above that the trial court's "careful explanation of the severity of the sentence" and petitioner's assurance he understood the explanation operated to correct any misinformation from his counsel that could have prejudiced petitioner's decision to plea. See <u>Foster</u>, 68 F.3d at 88. Accordingly, relief is denied.

N.     **Memorandum Issue (10): Whether Petitioner's Counsel was Ineffective and Petitioner's Plea Involuntary Because Counsel Gave Faulty Legal Advice.**

Petitioner alleges his plea was involuntary and his counsel was ineffective because his counsel informed him he faced eight to ten years if he pled guilty, not the fourteen years petitioner was actually sentenced to. The Government contends petitioner's plea was voluntary and that counsel accurately informed petitioner of the risks of going to trial.

The Court reiterates its findings from above that petitioner's plea was voluntary and that any misinformation from his counsel was corrected at the Rule 11 colloquy such that it did not prejudice petitioner's decision to plead guilty. See <u>Foster</u>, 68 F.3d at 88. Petitioner's reliance on <u>United States v. Streater</u>, 70 F.3d 1314 (D.C. Cir. 1995), is misplaced because while the Court in

<u>Streater</u> found the petitioner had been denied effective assistance of counsel when his guilty plea was induced by inaccurate legal advice from counsel, the erroneous legal advice given to the defendant in <u>Streater</u> was never corrected prior to the plea. In contrast, any erroneous advice given to petitioner by his counsel was corrected prior to his plea via the Rule 11 colloquy. Accordingly, relief is denied.

O.     **Memorandum Issue (11): Whether Petitioner's Plea was Involuntary.**

Petitioner alleges his plea was involuntary. The Court reiterates its finding from above that the Rule 11 colloquy at the plea hearing ensured petitioner's plea was voluntary. Accordingly, relief is denied..

P.     **Memorandum Issue (12, 13, 14): Whether Petitioner's Plea was Involuntary Because Petitioner Relied On Counsel's "Erroneous" Advice.**

Petitioner, again, alleges his plea was involuntary because he relied on erroneous information from his counsel. Specifically, Petitioner states he pled guilty with the understanding he would be sentenced to ten years for Count 28 and five years for Count 3, with the sentences to run concurrent; that he would only have to serve one third of his sentence, less good time; and that he would likely be sentenced to eight years total.[1] Petitioner also states his counsel informed him, prior to the plea, that the plea negotiation was binding and that the court would impose the sentence agreed to by the defense counsel and the prosecutor. Petitioner claims "he did not know that the court could deviate from the concessions agreed to without

---

[1] The Court notes the internal inconsistency between Petitioner's claims throughout his motion. In the present claim, Issue 12, the petitioner states he believed he would receive ten years for Count 28 and five years for Count 3, with the sentences to run concurrently. In contrast, petitioner, in Issue 14, alleged his counsel told him he would not receive more than eight years if he signed the plea agreement. The Court need not resolve this internal inconsistency, because the Rule 11 colloquy ensured petitioner was informed of the maximum sentences resulting from a plea. (Plea transcript, p. 14).

informing the defendant counsel." Petitioner also alleges he did not know the court could require petitioner to serve one-third, at a minimum, as opposed to maximum, of his sentence.

Petitioner's claim equates to an allegation his plea was involuntary because his counsel misinformed him about the length of his sentence and the relationship between the plea agreement and petitioner's ultimate sentence. As the Court has found above, petitioner's plea was voluntary because any misinformation given to petitioner by his counsel was corrected at the Rule 11 colloquy. See Foster, 68 F.3d at 88; Brady, 397 U.S. at 755

Q. **Memorandum Issue (15-25): Whether Petitioner's Sentence Violated *Apprendi* and *Blakely*.**

Petitioner alleges his sentence violated the principles set forth in Apprendi and Blakely, because the sentencing judge relied on facts not contained in the plea agreement or admitted by petitioner. The Government does not specifically address this issue.

The Court finds petitioner's argument is without merit. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held "other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." In Blakely v. Washington, 542 U.S. 296, 301-303 (2004), the Supreme Court applied Apprendi to the State of Washington's sentencing scheme and found that the imposition of state sentencing enhancements based solely on factual findings by the court and neither admitted by the defendant nor found by a jury violated the Sixth Amendment. Blakely was in turn applied to the federal sentencing guidelines in United States v. Booker, 543 U.S. 220, 243 (2005).

Regarding petitioner's alleged violation of Apprendi, petitioner's sentence of 120 months (10 years) on Count 3 did not exceed the statutory maximum of 10 years and his sentence of 168

months (14 years) on Count 28 did not exceed the statutory maximum of 20 years.  Accordingly, Apprendi is not implicated.

Regarding petitioner's alleged violation of Blakely, petitioner has failed to demonstrate that the sentencing judge relied on any facts not admitted to by petitioner or contained in the plea agreement.   Accordingly, relief is denied.

R.  **Memorandum Issue (26-37): Whether Petitioner's Fifth Amendment Right Against Self-Incrimination Was Violated.**

Petitioner alleges his Fifth Amendment right against self-incrimination was violated during the sentencing hearing.  Without further explanation as to how he believes his right was violated, petitioner directs the Court's attention to Mitchell v. United States, 526 U.S. 314 (1999).   In Mitchell, the Supreme Court held a defendant retains the right against self-incrimination at a sentencing hearing despite the fact the defendant pled guilty and waived his right to trial and its accompanying rights.  Id.  As the Court explained, "[a] waiver of a right to trial with its attendant privileges is not a waiver of the privileges which exist beyond the confines of a trial."  Id. at 324.  Accordingly, under Mitchell, a petitioner who pleads guilty retains the right to remain silent at his sentencing, and his silence on factual matters may not then be used against him.  Id. at 327.  The Government did not address this issue.

The Court is not clear how petitioner believes his Fifth Amendment right against self-incrimination was violated.   However, because petitioner directs the Court's attention to Mitchell, the Court presumes petitioner intends to allege he was compelled to be a witness against himself during the sentencing hearing.  In examining the Order of Sentencing Hearing[2], (Docket No. 197), the Court finds there is no evidence petitioner was compelled to be a witness

---

[2] There is no available transcript from the sentencing hearing.  Accordingly, the Court looks to the Order of Sentencing Hearing.  (Docket No. 197).

against himself.  The Order merely states, "the defendant presented argument in support of his objections" to the Presentence Report and "the Defendant exercised his right to address the Court" on matters relating to the appropriate sentence.  While petitioner reminds the Court it is impermissible for the sentencing judge to have relied on petitioner's silence at sentencing to assess acceptance of responsibility for purposes of downwards adjustments, there is no evidence in the Order the judge relied on petitioner's silence in such a way.  Rather, the Order establishes the judge relied on the United States' request for a downward adjustment based on petitioner's acceptance of responsibility and substantial assistance.  (Docket No. 197).  Accordingly, relief is denied.

S.      **Memorandum Issue (38): Whether Petitioner's Counsel Was Ineffective.**

Petitioner alleges his counsel was ineffective for the reasons listed below.[3]  For each claim of ineffective assistance of counsel, petitioner must first demonstrate his counsel's conduct fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 687-91.  Petitioner must next show "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."  Id. at 694.  The Government contends petitioner has failed to show he was prejudiced by any of his counsel's conduct.

1) Failure to argue that petitioner's sentence and conviction were fruit from a poisonous tree and in violation of the Fourth Amendment.

The Court cannot address the merits of petitioner's claim because he has failed to articulate what evidence he believes was searched or seized in violation of his Fourth Amendment right.  Accordingly, relief is denied.

---

[3] Some of the issues cited by petitioner in this section are not "ineffective assistance of counsel" allegations.  However, because the Court desires to analyze petitioner's claim in the order he presents them, the Court does not disturb the placement of these additional issues under the seemingly inappropriate heading of "ineffective assistance of counsel."

2) <u>Failure to argue that the indictment was illegal because it was fruit from the poisonous tree.</u>

The Court cannot address petitioner's claim because petitioner has failed to articulate what evidence he believes was obtained in violation of his Fourth Amendment right. Accordingly, relief is denied.

3) <u>Failure to object to the introduction of the firearms petitioner was alleged in the indictment to have transported.</u>

Without providing greater detail, petitioner alleges, "the defendant counsel was ineffective in failing to object to the introduction of firearms. allegedly that the defendant was transported firearms, (in the Indictment)." The Court reads petitioner's claim to allege his counsel was ineffective for failing to object to language in the indictment alleging petitioner transported firearms. Count 1 of the indictment alleged petitioner conspired to traffic firearms. In support of Count 1, petitioner was alleged to have traveled from West Virginia to New York to sell firearms. Counts 4, 10, 12, 14, 18, and 22 alleged petitioner transported firearms into Maryland.

Petitioner's claim fails because petitioner has failed to show how his counsel's failure to object to the indictment fell below an objective standard of reasonableness nor how he was prejudiced by his counsel's alleged error. First, the indictment was facially valid because it complied with Rule 7(c)(1) of the Federal Rules of Criminal Procedure that requires an indictment "shall be plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). As held by the Fourth Circuit, "an indictment is sufficient if it provides the defendant with sufficient facts intelligently to plan his defense." <u>United States v. Caldwell</u>, 544 F.2d 691, 694 (1976). Counsel was therefore not ineffective for failing to object to the indictment. Second, there is no evidence petitioner would

not have pled guilty to Count 3 and 28 had his counsel objected to Counts 4, 10, 12, 14, 18, and 22 of the indictment. Accordingly, petitioner's claim fails.

4) <u>Failure to interview with petitioner as to the plea agreement</u>.

Petitioner alleges his counsel was ineffective for failing "to interview with the defendant . . . as of the plea bargain agreement." The Court reads petitioner's claim to allege his counsel was ineffective for failing to satisfactorily discuss the terms of the plea agreement with petitioner prior to petitioner's plea.

The Court finds petitioner's claim is without merit because petitioner has failed to demonstrate his counsel failed to discuss the plea agreement with him. To the contrary, petitioner stated at the plea hearing he reviewed the plea agreement with his attorney, understood the charges, discussed the case with his attorney, and had his concerns and questions addressed by his attorney. (Plea transcript, p. 11). Petitioner made no mention at the plea hearing of his counsel's failure to adequately discuss the terms of the plea agreement with him. Accordingly, petitioner's claim fails.

5) <u>Whether the prosecution committed prosecutorial misconduct by misrepresenting to the court and defense counsel that defense counsel could not receive the evidence unless the evidence was confidential to the defendant</u>.

Petitioner alleges the prosecution committed prosecutorial misconduct by making misrepresentations to the court and defense counsel about the availability of evidence. The Government did not address this issue.

The Court cannot assess the merits of petitioner's claim because petitioner has failed to articulate with sufficient detail what evidence underlays the prosecution's alleged misconduct. Accordingly, relief must be denied.

6) Failure to appeal the order.

Petitioner alleges his counsel was ineffective for failing to appeal "the order." The Court presumes petitioner is referring to the Order of Sentencing Hearing.

The Court cannot address the merits of petitioners claim because petitioner has failed to articulate on what basis he believes his counsel had a duty to appeal the Order. Additionally, the Court finds the Order reveals no basis on which a reasonable attorney would have objected. See Strickland, 466 U.S. at 687-91. Accordingly, relief is denied.

7) Failure to argue on appeal that the evidence was insufficient as a matter of law.

Petitioner alleges his counsel was ineffective for failing to argue on appeal that the evidence was insufficient as a matter of law.

The Court denies petitioner relief on this claim because petitioner has failed to demonstrate why the evidence in this case - documentary, testimonial and physical - was insufficient as a matter of law such that a reasonable attorney would have objected to its sufficiency. See Strickland, 466 U.S. at 687-91.

8) Whether petitioner's sentence and conviction violates the Double Jeopardy and Due Process Clauses of the Fifth Amendment.

Petitioner alleges his sentence and conviction violated the Double Jeopardy Clause and Due Process Clause of the Fifth Amendment. Petitioner does not provide any additional detail in support of his allegation.

The Court denies relief because petitioner has failed to state why he believes his sentence and conviction violate the Fifth Amendment and because the Court, in reviewing the record, fails to see any evidence petitioner's Fifth Amendment rights were violated. Accordingly, relief is denied.

9) <u>Whether petitioner's counsel violated the Fifth, Sixth, and Fourteenth Amendments</u>.

Petitioner broadly asserts his counsel's conduct violated the Fifth, Sixth, and Fourteenth Amendments. Petitioner does not provide further detail for his claims. Accordingly, the Court cannot grant relief.

10) <u>Failure to accurately inform petitioner of the sentence he faced should he plead guilty</u>.

Petitioner alleges "the defendant plea guilty between him and his counsel, that his sentence will be lesser than greater after the discussing." The Court reads petitioner's claim to allege his counsel was ineffective for failing to accurately inform him of the sentence he faced should he plead guilty.

The Court reiterates its finding from above that the Rule 11 colloquy corrected any misinformation from petitioner's counsel that may have prejudiced petitioner's decision to plea. See <u>Foster</u>, 68 F.3d at 87-88. Furthermore, petitioner stated at the plea hearing that his attorney had discussed the terms of the agreement with him. (Plea transcript p. 11). Accordingly, relief is denied.

11) <u>Failure to require proof of the cocaine base alleged in Count 3 and the firearms alleged in Count 28.</u>

Petitioner alleges his counsel was ineffective for failing to "prove that the substance allegedly involved in the offense cocaine base, also known "crack," and firearm, as defined in the sentencing guidelines. The Court reads petitioner's claim to allege his counsel had a duty to examine the actual cocaine base allegedly sold by petitioner and the firearms allegedly purchased by petitioner.

The Court finds petitioner's claim is without merit because petitioner has not demonstrated that his counsel's failure to demand to see the evidence fell below an objective standard of reasonableness. See <u>Strickland</u>, 466 U.S. at 687-91. While petitioner's counsel had a duty to ensure - prior to petitioner's plea - there existed sufficient evidence to support the

Government's case, the Government asserts, and petitioner fails to prove otherwise, that counsel was provided with documentary, audio, and testimonial evidence prior to petitioner's plea. Petitioner has failed to demonstrate how this evidence was insufficient, nor how viewing the actual cocaine base and firearms underlying Count 3 and 28 was necessary to counsel's evaluation of the sufficiency of evidence. Accordingly, relief is denied.

## IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.


Dated: February 4, 2008


/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE